Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**John J. Skaro**
**Karen A. Skaro**
    Debtor(s)

Bankruptcy Case No.: 13–25225–TPA
Per August 11, 2016 proceeding
Chapter: 13
Docket No.: 226 – 218, 224
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

    IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated July 28, 2016 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☑ A.   For the remainder of the Plan term, the periodic Plan payment is amended to be $976 as of August 2016. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.   The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.   Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.   Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.   The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.   shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G.   The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☑ H.   Additional Terms: A fee application is needed if any fee, including retainer, exceeds $3,700, including any fees paid to prior counsel.

    The estimated pool of funds to be paid to general unsecured creditors and estimated percentage dividend are revised to $6,000 (11%).

*(2.)   IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.        Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.        Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.        Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.        Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.        Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Dated: August 23, 2016

cc:   All Parties in Interest to be served by Clerk in seven (7) days

```
                         United States Bankruptcy Court
                         Western District of Pennsylvania

In re:                                                    Case No. 13-25225-TPA
John J. Skaro                                             Chapter 13
Karen A. Skaro
       Debtors                   CERTIFICATE OF NOTICE
District/off: 0315-2         User: lmar            Page 1 of 2           Date Rcvd: Aug 23, 2016
                             Form ID: 149          Total Noticed: 36


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Aug 25, 2016.
db/jdb       +John J. Skaro,    Karen A. Skaro,    529 Brighton Place,    Mechanicsburg, PA 17055-5483
aty          +Joshua I. Goldman,    KML Law Group, P.C.,    701 Market Street,    Suite 5000,
               Philadelphia, PA 19106-1541
cr           +Brian W. Jones,    PMB 185,    4960 Wm Flynn Highway,    Ste 6,   Allison Park, PA 15101-2354
r            +Francis J. Santorello,    Santorello Real Estate,    7883 Saltsburg Road,
               Pittsburgh, PA 15239-7703
13766964     +ARP Associates, LLC,    3175 Beechwood Drive,    Allison Park, PA 15101-1159
13766963     +American Express,    PO Box 981537,    El Paso, TX 79998-1537
13844261      American Express Bank, FSB,    c o Becket and Lee LLP,    POB 3001,    Malvern, PA 19355-0701
13766965     +Bank of America,    PO Box 15019,    Wilmington, DE 19886-5019
13766967     +Brian W. Jones,    Executive Judgment Acquisition,    4960 William Flynn Highway,
               Suite 6, #185,    Allison Park, PA 15101-2354
13766970      CIT Technology Financing Service, Inc.,     PO Box 550559,    Jacksonville, FL 32255
13766968      Capital One,    PO Box 71083,    Charlotte, NC 28272-1083
13766969     +Chase Bank,    800 Brooksedge Blvd.,    Westerville, OH 43081-2822
13766971     +DSNB/Macy’s,    PO Box 8218,    Mason, OH 45040-8218
13766973     +Eric D. Rosenberg, Esquire,    Metz Lewis Bordman Must O’Kee,     535 Smithfield St.,   Suite 800,
               Pittsburgh, PA 15222-2305
13772458     +Fidelity Bank,    PO Box 11136,    Pittsburgh, PA 15237-0436
13766974     +Ford Motor Credit,    PO Box 790119,    Saint Louis, MO 63179-0119
13772459     +Ires II,    133 Jefferson Road,    Pittsburgh, PA 15235-3718
13766975     +JPMorgan Chase Bank,    Bankruptcy Dept.,    3415 Vision Drive,    Columbus, OH 43219-6009
13766976     +KIA Motor Finance,    PO Box 20815,    Fountain Valley, CA 92728-0815
13789304     +Kia Motors Finance,    PO Box 20825,    Fountain Valley, CA 92728-0825
13772460     +McGrath & Associates,    Three Gateway Center,    401 Liberty Avenue, Suite 1375,
               Pittsburgh, PA 15222-1004
13772461     +Melissa Pirillo, Esquire,    Baker Sanders LLC,    100 Garden City Plaza, Suite 500,
               Garden City, NY 11530-3207
13772462     +Michael M. Simon,    4344 Overhill Street,    Bethel Park, PA 15102-1922
13778376     +PNC BANK,    PO BOX 94982,    CLEVELAND, OHIO 44101-4982
13766979    ++PNC BANK,    500 FIRST AVE P7-PFSC-02-F,    PITTSBURGH PA 15219-3129
              (address filed with court: PNC Bank,     500 First Avenue,    Pittsburgh, PA 15219)
13766978     +PNC Bank,    2730 Liberty Avenue,    Pittsburgh, PA 15222-4747
13772463     +Pride Acquisitions,    c/o Baker Sanders LLC,    100 Garden City Plaza, Ste. 500,
               Garden City, NY 11530-3207
13766980     +Raymond M. Suarez, Esquire,    Law Office of Yvonne Brown Wright PA,
               11555 Heron Bay Blvd., Ste. 200,    Pompano Beach, FL 33076-3362
13766982     +TCM Financial Services,    PO Box 911138,    Los Angeles, CA 90091-1138

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
13766966     +E-mail/Text: bknotices@bankofthewest.com Aug 24 2016 01:17:47      Bank of the West,
               2527 Camino Ramon,    San Ramon, CA 94583-4213
13766972     +E-mail/Text: Bankruptcynotices2@kasslaw.com Aug 24 2016 01:17:11
               Edward B. Pritchard, Esquire,    Kass Shuler, P.A.,    PO Box 800,    1505 N. Florida Avenue,
               Tampa, FL 33602-2654
13772457      E-mail/Text: cio.bncmail@irs.gov Aug 24 2016 01:17:20      Department of the Treasury,
               Financial Management Service,    PO Box 1686,   Birmingham, AL 35201
13766977     +E-mail/Text: bankruptcydpt@mcmcg.com Aug 24 2016 01:17:39      Midland Funding,
               8875 Aero Dr. Ste. 200,    San Diego, CA 92123-2255
13766981     +E-mail/Text: bankruptcy@remitcorp.com Aug 24 2016 01:17:40      Remit Corporation,
               36 West Main Street,    P.O. Box 7,   Bloomsburg, PA 17815
13772456     +E-mail/Text: bankruptcynotices@sba.gov Aug 24 2016 01:17:08      Small Business Administration,
               409 3rd Street SW,    Washington, DC 20416-0002
13806292     +E-mail/Text: carine@tbfgroup.com Aug 24 2016 01:17:22      TBF Financial, LLC,
               740 Waukegan Rd., Suite 404,    Deerfield, IL 60015-5505
                                                                                              TOTAL: 7

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr             BAYVIEW LOAN SERVICING, LLC
cr             JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
cr             PNC Bank, National Association, Successor by Merge
                                                                                TOTALS: 3, * 0, ## 0

Addresses marked ’+’ were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked ’++’ were redirected to the recipient’s preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 0315-2         User: lmar              Page 2 of 2              Date Rcvd: Aug 23, 2016
                             Form ID: 149            Total Noticed: 36
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 25, 2016                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 23, 2016 at the address(es) listed below:

```
              Andrew F Gornall    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               agornall@goldbecklaw.com, bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Andrew F Gornall    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC agornall@goldbecklaw.com,
               bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com
              Brett A. Solomon    on behalf of Creditor    PNC Bank, National Association, Successor by Merger to
               National City Bank bsolomon@tuckerlaw.com,
               dparanay@tuckerlaw.com;apetronchak@tuckerlaw.com;agilbert@tuckerlaw.com
              Brian C. Thompson    on behalf of Plaintiff John J. Skaro bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;LaurenKelly@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgille
               spie@thompsonattorney.com;azema@ecf.inforuptcy.com;noreply@thompsonattorney.com;mhodge@thompsonat
               torney.com
              Brian C. Thompson    on behalf of Debtor John J. Skaro bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;LaurenKelly@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgille
               spie@thompsonattorney.com;azema@ecf.inforuptcy.com;noreply@thompsonattorney.com;mhodge@thompsonat
               torney.com
              Brian C. Thompson    on behalf of Joint Debtor Karen A. Skaro bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;LaurenKelly@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgille
               spie@thompsonattorney.com;azema@ecf.inforuptcy.com;noreply@thompsonattorney.com;mhodge@thompsonat
               torney.com
              Brian C. Thompson    on behalf of Plaintiff Karen A. Skaro bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;LaurenKelly@thompsonattorney.com;jwrzosek@thompsonattorney.com;mgille
               spie@thompsonattorney.com;azema@ecf.inforuptcy.com;noreply@thompsonattorney.com;mhodge@thompsonat
               torney.com
              Christopher L. Borsani    on behalf of Creditor    PNC Bank, National Association, Successor by
               Merger to National City Bank cborsani@tuckerlaw.com,  clborsani82@gmail.com
              Donna M. Donaher    on behalf of Creditor    PNC Bank, National Association, Successor by Merger to
               National City Bank donaherd@fnb-corp.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Stanley A. Kirshenbaum    on behalf of Defendant Brian W. Jones SAK@SAKLAW.COM
                                                                                             TOTAL: 12
```