FILED
4/4/19 4:53 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| JOHN J. SKARO and KAREN A. SKARO,  *Debtors* | : : : | Case No. 13-25225-TPA  Chapter 13 |
| JOHN J. SKARO and KAREN A. SKARO,  *Movants* | : : : : : | Related to Doc. Nos. 255, 265, 279  Hearing: July 15, 2019 at 10:00 A.M. |
| v. | : : | |
| BRIAN W. JONES,  *Respondent* | : : | |

## PRE-TRIAL SCHEDULING ORDER

The Debtors/Movants filed a ***Motion to Avoid Judicial Lien*** ("Motion") on December 17, 2018. at Doc. No. 255 They then filed ***Debtors' Objection to Amended Proof of Claim No. 4*** on January 11, 2019 at Doc. No. 265, subsequently amended on February 1, 2019, at Doc. No. 279 (collectively, "Objection"). A hearing on the *Motion* was held on January 31, 2019, and an order was entered the next day granting the *Motion* because the Respondent failed to appear. *See*, Doc. No. 278. However, the Respondent timely moved for reconsideration of the Order granting the *Motion* and such motion for reconsideration was granted on February 28, 2019, at Doc. No. 297, for the reasons given at the time of hearing on the Respondent's request for reconsideration (Doc. No. 284) and consistent with the Court's long time policy for granting such timely filed motions. Both the *Objection* and the *Motion* thus still remain to be decided. For the reasons explained below, the

1

Court finds that there are factual issues that will need to be resolved as to both matters so a pre-trial discovery schedule will be set.

### ***Objection***

Respondent filed his original Claim 4-1 on January 23, 2014, in the amount of $64,318.63. The basis of the claim was identified as a "Money Judgment" and it was listed as a fully secured claim, with real property located at 4109 Calla Court, Murrysville, Pa. shown on the proof of claim form as the only property securing the claim. Attached to the proof of claim form were a number of exhibits, including some state court docket records related to the judgment in question.

On November 30, 2018, the Respondent filed Claim 4-2 as an amendment. It reduced the amount of the claim to $13,889.06 to reflect payments the Respondent has received during the bankruptcy. Claim 4-2 is also identified as fully secured, with two motor vehicles shown as securing the claim, a "1971 Malibu and 1966 Ford Galaxy." In a space marked "basis for perfection" the Respondent inserted "levy/execution by Westmoreland County Sheriff on both."

The Respondent filed Claim 4-3 on December 6, 2018, as another amendment. The only thing this document does is add as exhibits documents from the sheriff's levy from November 20, 2013. These documents show a 1971 Malibu and a 1966 Galaxy among the property that was levied.

Finally, on January 16, 2019, the Respondent filed Claim 4-4 as another amendment, which again shows the claim as $13,889.06 and includes as exhibits the items that had been filed at Claim 4-3, along with a few others.

2

The Debtors argue in the *Objection* that Claims 4-2, 4-3 and 4-4 should be disallowed. The *Objection* asserts that these amendments change the "very nature of the claim itself and in essence constitute a new claim." Debtors contend that the amendments were untimely, are prejudicial, and were filed in bad faith. The Respondent counters by arguing that the original Claim 4-1, while it did not specifically mention the two motor vehicles, did include a docket sheet as an exhibit from which it could be determined that there was an execution on the judgment involving personal property. The Respondent argues that the Debtors were aware that a levy had been done and so should not be surprised or prejudiced by the amendments.

The claim bar date in this case was May 5, 2014. The original Claim 4-1 was filed within this deadline, but all three subsequent amendments were filed well after the deadline and so must be disallowed unless they can be found to relate back to the original filing date. The Court has previously addressed the issue of relation back of proof of claim amendments in *In re Washington*, 420 B.R. 643 (Bankr. W.D. Pa. 2009), and there stated:

> ... the decision to allow or deny an amendment to a timely proof of claim is committed to the "court's sound discretion." ... Such amendments are to be liberally allowed absent prejudice to the debtor or for other equitable reasons .... Where the claim amendment is filed after the bar date has passed, it will only be timely if it relates back to the date of the original claim. This relation back will not be permitted if the amendment actually states a new claim. ... A claim "amendment" will be deemed to actually be a "new" claim if the original claim fails to give the debtor "fair notice of the conduct, transaction, or occurrence" from which the amended claim arises. .. However, if the amendment simply cures a defect in the original claim, sets it forth in more detail, pleads a new theory of recovery on the same facts, or increases damages, it will not constitute a new claim and relation back may be allowed.

3

420 B.R. at 645–46 (citations omitted). However, even if it is determined that an amendment does not constitute a "new claim" under this standard, the Court still has the discretion to deny relation back effect anyway, and thereby deny the amendment, if, for example, the Debtor would be unfairly prejudiced were it to be allowed. *Id.* at 647 (citing *In re Trans World Airlines*, 145 F.3d 124 (3d Cir. 1998).

In the present case, the Court is unable to determine on the present record whether Claims 4-2 through 4-4 represent an amendment to the original claim or a new claim. They clearly arise out of the same debt as Claim 4-1 and arguably simply states a new "theory of recovery" against the Debtors, which suggests they should be viewed as amendments. They also, however, state a new basis of security and it is debatable whether the original claim gave the Debtors fair notice that the Respondent might assert a lien against the motor vehicles, which factors point toward a new claim finding. Additionally, even if the Court were to conclude that Claims 4-2 through 4-4 were proper amendments, the Debtors have raised some equitable concerns that should be considered in deciding whether to exercise the discretion to allow a relation back. For these reasons, the Court will require an evidentiary hearing before ruling on the *Objection*.

### ***Motion***

The Court's analysis of the *Motion* begins with the allegations by the Debtors set forth therein. Prominent among those allegations by the Debtors is that there is a judicial lien on the Debtors' personal property, and that it "was created by the judgment entered against the Debtors in the Westmoreland County Court of Common Pleas by Brian W. Jones at Case No. 5794 of 2013

4

against personal property more particularly described in Exhibit A attached hereto." Doc. No. 255 at ¶2. The attached Exhibit A referred to in the quote is the Sheriff's levy, which includes the two motor vehicles. The Debtors have thus taken the affirmative position that Respondent does have a judicial lien on the two vehicles, and unless and until such allegation is properly withdrawn or amended and so recognized by the Court, it will be treated as a judicial admission that is binding on the Debtors.[1] *See, e.g., in re Kasbee*, 466 B.R. 719, 723 (Bankr. W.D. Pa. 2010).

Because of the admission by the Debtors that a lien exists, the issue becomes one of valuation of the liened property. The Debtors have claimed an exemption in the Malibu in the total amount of $8,000 pursuant to *11 U.S.C. §§522(d)(2)* and *(5)*, and in the Galaxy in the amount of $2,500 pursuant to *11 U.S.C. §522(d)(5)*. No objections have been filed as to those exemptions and the Court finds that they should be recognized. The Debtors also stated the values of each of the two vehicles at the same amounts on their Schedule C. The Respondent counters that he believes the values of the vehicles "far exceeds" the value stated on Schedule C.

---

[1]

The Court notes that at the previous hearing in this matter it raised the issue of whether the Respondent had a lien on the two vehicles and directed the Respondent to brief the issue. Having now more closely reviewed the *Motion*, and finding the Debtors to have made a judicial admission as to the existence of a lien, the Court need not and does not rule on that issue.

For the sake of completeness, the Court should also note that in responding to the *Motion* the Respondent too has taken a position that could possibly be viewed as a judicial admission. The Court is referring here to Respondent's contention that the judicial lien arose at the time of the sheriff's levy (November 20, 2013), rather than at the time the judgment was entered (April 14, 2009) as the Debtors allege in the *Motion. See*, Doc. No. 257 at ¶2. The Respondent's contention in that regard could potentially be significant as a judicial admission since it means the lien would have arisen within the 90-day preference period under *11 U.S.C. §547(b)*. Since no issue of preference is currently pending before the Court, however, the Respondent's statement does not appear to be relevant at this time.

5

Given the factual dispute as to the value of the vehicles the Court will need to make a finding in that regard as well. For purposes of judicial lien avoidance under *11 U.S.C. §522(f)(2)*, avoidance of a judicial lien that impairs an exemption is not an "all or nothing" occurrence; only that portion of a judicial lien that impairs the exemption is avoidable *See, In re Lindsey*, 313 B.R. 390 (Bankr. W.D. Pa. 2004). The formula that is used in making the determination is: Property value − (other liens[2] + the exemption + the judicial lien). If this calculation produces a positive number, the judicial lien is not avoided at all. If it produces a negative number, the judicial lien is avoided to that extent. *See, e.g., In re Sheth*, 225 B.R. 913, 918 (Bankr. N.D. Ill. 1998). Applying that formula in the present case, and taking the Respondent's judicial lien to be $13,889.06, if the vehicles have a value of $24,389.06 or more the Respondent's lien would not be avoided at all; if they have a value of $10,500 or less the Respondent's lien would be avoided in its entirety, and if they have a value of somewhere between $10,500 and $24,389.06, the Respondent's lien would be avoided partially.

The Court will therefore set a period for discovery to allow the Parties to explore the issues set forth herein prior to an evidentiary hearing. The Parties are also advised that the Court maintains a very successful mediation program, and this case seems well-suited to resolution by mediation. If the Parties mutually agree to attempt mediation they may so advise the court and this pre-trial procedure will be stayed pending the conclusion of the mediation.

---

[2] The Court is not aware of any other liens on the vehicles in the present case, so that item would be a "0" in the calculation.

*AND NOW*, this *4th* day of *April 2019*, it is **ORDERED, ADJUDGED** and **DECREED** that,

(1) Discovery is now open with respect to both the *Motion* and *Objection* and shall close *on May 19, 2019.*

(2) *On or before June 2, 2019,* all preliminary motions including motions for summary judgment must be filed. If pleadings are not filed within the specified time period, the Court's calendar will not permit the motion(s) to be heard prior to the date of trial.

(3) At the times listed below, Counsel for the Parties shall file with the Clerk and serve upon opposing counsel, a Pretrial Narrative Statement/Stipulation (hereinafter "Pretrial Statement") using the form attached to this Order and marked Exhibit "A" including (among the other things listed in the form):

(a) A brief statement of the case, including proposed findings of fact and conclusions of law;

(b) The names and addresses of witnesses expected to be called; and,

(c) A list of the exhibits to be offered.

(4) *On or before June 2, 2019,* Debtors' portion of the Pretrial Statement shall be finalized and served on all Parties with a copy filed with the Court. *On or before June 17, 2019*, Respondent's portion of the Pretrial Statement shall be finalized and served on all Parties with a copy filed with the Court. The Parties shall then meet and prepare a Consolidated Pretrial Statement.

*On or before July 1, 2019,* Debtors shall file with the Court the completed and Consolidated Pretrial Statement signed by all Parties.

(5) The Final Pretrial Conference in this matter shall take place on *July 15, 2019 at 10:00 A.M.* The Parties must supply the Court with a copy of Exhibits and Expert Reports, including appraisals, at least three (3) business days prior to the Final Pretrial Conference. *See* the Pretrial Narrative Form at ¶ 7(C)(1). All of the matters scheduled above will be heard in Courtroom "C," 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA. Trial will be scheduled at that time for a date soon to follow. Unless prior leave of Court to excuse such appearance on the basis of extraordinary circumstances is granted, it is mandatory for lead Trial Counsel to appear at the Final Pretrial Conference.

(6) Failure by any Party to timely comply with any terms of this Order will result in the imposition of sanctions on said Party by, inter alia, reprimand, fine, prohibition against said Party from offering testimony and/or dismissal.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
    Brian Thompson, Esq.
    Brian W. Jones, 4960 Wm. Flynn Hwy., Suite 6, #185, Allison Park, PA 15101
    Ronda Winnecour, Esq.
    Debtor

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 13-25225-TPA
John J. Skaro                                                   Chapter 13
Karen A. Skaro
        Debtors
```

## CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: aala              Page 1 of 1              Date Rcvd: Apr 05, 2019
                              Form ID: pdf900         Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 07, 2019.
```
db/jdb        +John J. Skaro,    Karen A. Skaro,    5052 West Kristina Loop,    Lecanto, FL 34461-8588
cr            +Brian W. Jones,   PMB 185,   4960 Wm Flynn Highway,    Ste 6,    Allison Park, PA 15101-2354
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                        TOTAL: 0

```
            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              PNC Bank, National Association, Successor by Merge
                                                                                     TOTALS: 1, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 07, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 5, 2019 at the address(es) listed below:
```
              Andrew F Gornall    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC
               andygornall@latouflawfirm.com
              Andrew F Gornall    on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
               andygornall@latouflawfirm.com
              Brett A. Solomon    on behalf of Creditor    PNC Bank, National Association, Successor by Merger to
               National City Bank bsolomon@tuckerlaw.com,
               agilbert@tuckerlaw.com;cabbott@tuckerlaw.com;dparanay@tuckerlaw.com
              Brian C. Thompson    on behalf of Joint Debtor Karen A. Skaro bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;mgillespie@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@t
               hompsonattorney.com
              Brian C. Thompson    on behalf of Plaintiff Karen A. Skaro bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;mgillespie@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@t
               hompsonattorney.com
              Brian C. Thompson    on behalf of Plaintiff John J. Skaro bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;mgillespie@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@t
               hompsonattorney.com
              Brian C. Thompson    on behalf of Debtor John J. Skaro bthompson@ThompsonAttorney.com,
               blemon@thompsonattorney.com;mgillespie@thompsonattorney.com;bthompson@ecf.courtdrive.com;jgorze@t
               hompsonattorney.com
              Christopher L. Borsani    on behalf of Creditor    PNC Bank, National Association, Successor by
               Merger to National City Bank cborsani@tuckerlaw.com,    clborsani82@gmail.com
              Donna M. Donaher    on behalf of Creditor    PNC Bank, National Association, Successor by Merger to
               National City Bank donaherd@fnb-corp.com
              James Warmbrodt    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com
              Joshua I. Goldman    on behalf of Creditor    BAYVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
              Stanley A. Kirshenbaum    on behalf of Defendant Brian W. Jones SAK@SAKLAW.COM
                                                                                               TOTAL: 14
```