# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
|     John J. Skaro, | ) | Bankruptcy No: 13-25225-TPA |
|     Karen A. Skaro, | ) | |
|         Debtors. | ) | |
| _____ | ) | |
|     John J. Skaro and Karen A, Skaro, | ) | Chapter 13 |
| | ) | |
|         Movants, | ) | Document No. |
| | ) | |
|     v. | ) | Related to Document No. 312 |
| | ) | |
|     Brian W. Jones, | ) | |
| | ) | |
|         Respondent. | ) | |

## **PLAINTIFF'S PRETRIAL NARRATIVE STATEMENT/STIPULATIONS**

It is stipulated by and between the Parties that:

(1) ***This is an action for:*** Objection to proof of claim and avoidance of judicial lien.

(2) ***Jurisdiction:*** This Court has jurisdiction under 28 U.S.C. §1334. This is a core proceeding.

(3) ***Plaintiff(s)' narrative statement of the case:***

    **a)** Plaintiffs object to the proof of claim filed by Defendant Jones as being time barred in that the purported amendment was filed more than four years after the bar date for filing proof of claim in this case. Defendant's alleged amendment seeks to assert a previously undisclosed security interest in vehicles belonging to the Debtors. As such, Debtors assert that the amended proof of claim filed by Defendant constitute a new claim, not an amendment and should not be allowed.

    **b)** Plaintiffs also object to the amount stated on the proof of claim as lacking adequate documentation. As noted, Defendant Jones amended claim amount is listed as $13,889.06. That number, in fact is the precise amount of money paid to the Defendant by the Chapter 13 trustee over the length of this case. Plaintiffs therefore believe that the amount claimed by Defendant Jones is not accurate.

    **c)** Plaintiffs assert that assuming arguendo the Defendant has asserted a facially valid judicial lien on the two vehicles, said lien is avoidable under 11 U.S.C. §522(f). The property was valued on the debtors schedules and exemptions were asserted at the time of filing. Defendant Jones failed to file a timely objection to

   the values or exemptions within the time frame set out in Rule 4003(b)(1). Moreover, upon review of the petition, the debtors appear to have an additional $6,305 in unused d(5) wildcard exemption funds.

  **d)** Finally, Defendant Jones asserted in his response to the present motion to avoid the lien that the lien he is asserting arose on November 20, 2013. To that end, the Debtors have commenced a separate adversary action seeking to avoid the lien as a preferential transfer under 11 U.S.C. §547(b).

*(4) Defendant(s)' narrative statement of the case:*

  a. Defendant amended his proof of claim to reflect any payments made reduced the balance of the original claim. The amended claim reflects that there is no longer exists a security interest in any real property or the accounts garnished at PNC Bank. The amended claim emphasizes the judicial lien which stems from the sheriff Levy on personal property which was part of the original proof of claim.
  b. Defendant admits that he incorrectly calculated the balance owed on proof of claim. The amended claim more properly should have been $10,811.64 plus any post petition judgment interest.
  c. Defendant has stipulated as to the current value of the vehicles in question, namely-the 1971 Chevrolet Malibu with a value of $9000.00 and the 1966 Ford Galaxy with a value of $7500.00.

  d. Defendant agrees that plaintiff is entitled to avoid the judicial lien to the extent it impairs the exemptions claimed in the statement of financial affairs. Defendant objects to any additional exemptions on the vehicles in question.

*(5) Third Party Defendant's narrative statement of the case:* **N/A**

*(6) The following facts are stipulated by the Parties and require no proof:*

The 2019 Value of the Ford Galaxy is $7,500.00
The 2019 value of the Chevrolet Malibu is $9,000.00

*(7) **In addition to the procedures below regarding exhibits, and for a more detailed description of instructions for processing exhibits, see "Procedures for all of Judge Agresti's Cases" on the Court's website at http://www.pawb.uscourts.gov/tpa-proc.htm.***

The exhibits to be offered at the trial, together with a statement of all admissions, any objections and/or issues as to admissibility between the Parties with respect thereto are as follows:

  The parties may refer to various entries on the docket and the claims register.

(C) The courtroom practice concerning the use of exhibits is as follows:

1. Unless otherwise directed to do so sooner, Counsel must provide the Court with three (3) copies of the marked exhibits three (3) full business days prior to the date set for the commencement of any proceeding in which exhibits are to be offered. Each Party shall make an additional set of exhibits available for use by witnesses at the time of the taking of evidence in any proceeding. All exhibits must be marked by Counsel using appropriate exhibit labels. The labels must be marked to identify the proponent of the exhibit and the date of the proceeding in which it is used. Plaintiffs/Movants shall identify their exhibits by using letters. Defendants/Respondents shall use exhibit numbers.

2. In addition to the other requirements of this procedure, if any Party's exhibits cumulatively number, in the total aggregate, in excess of 20, single-sided, pages (not including an "Exhibit List" cover page index) they shall be bound in some manner, i.e., in loose-leaf notebook or hard binding, at the time of presentation to the Court and for use during any proceeding. The lower right hand corner of each page of the collective exhibit document shall be consecutively numbered (Bates numbering) from the first page to the last page, independent of exhibit identification numbers previously placed on exhibits. The Party shall also provide the Court with a USB drive containing the scanned exhibits in PDF format prior to the start of the proceeding with Bates Stamp numbering that matches the 3 hard copies provided. Counsel should contact the Court's Chambers, if necessary, to ensure that the electronic medium is compatible with the Court's computer system. Exhibits are NOT to be emailed to Chambers without prior Court approval.

3. Plaintiffs use exhibit letters. Defendants use exhibit numbers. Third Party Defendants use exhibit numbers preceded by the notation "TPD".

4. As previously noted, each Counsel shall prepare a List of Exhibits on the attached form, identifying exhibits in the sequence in which they are intended to be offered at trial, with a descriptive notation sufficient to identify each separately identified exhibit. Counsel shall furnish a copy of the Exhibit List in their respective Pretrial Narrative Statements. Exhibits not so identified in the pretrial statement shall not be allowed at trial except upon a showing of cause. Mere inability to timely locate the exhibit shall not be considered cause.

5. Counsel shall provide opposing counsel with copies of all exhibits along with submittal of the Pretrial Stipulation. Copies provided in response to a pretrial order will suffice at trial unless the Court rules otherwise.

6. Unless an objection is noted on the Exhibit Form provided on the Pretrial Narrative Statement/Stipulation, the exhibits will be admitted without further testimony. As to any objections noted, the admissibility of those exhibits will be considered at the pretrial conference or before any testimony is taken, subject to the Court's discretion. Only those exhibits to which a ruling on admission is reserved will require witness identification or authentication.

7. If necessary to offer, explain, or examine an exhibit, counsel shall request leave to approach the bench or the witness.

    8. Counsel are the custodians of their exhibits throughout the trial.

    9. All exhibits will be returned to the courtroom clerk at the conclusion of the trial. The clerk will retain the exhibits for 30 days after expiration of the time for appeal, they then will be destroyed. If there is no appeal and you wish to have your exhibits returned to you, you must make the necessary arrangements with the clerk prior to expiration of the said 30 day period.

(8) **Examination of witnesses and argument** may be conducted from counsel table or from the lectern, using a microphone.

(9) *A complete list of all witnesses including names and addresses follows:* (If any witnesses are to be called as experts, an expert's report must be filed with the Pretrial Statement, otherwise the opinion testimony will be excluded at the time of trial.)

    A. Brian W. Jones – 4960 William Flynn Highway, Suite 6, #185, Allison Park, PA 15101

(10) *Issues of Law: The following issues of law are contested and remain to be litigated upon the trial.*
    a. The legal basis for allowing the Defendant's untimely proof of claim seeking to assert a newly declared secured interest in property of the estate.
    b. The grounds for excusing Defendant's failure to timely assert an objection to the exemptions claimed in the assets.
    c. Whether the alleged secured claim itself should be avoided as a preferential transfer.
    d. Whether the Defendant's alleged lien is wholly or partially avoidable.

(11) *Stipulations*: The foregoing admissions of fact having been made, and the Parties having specified the issues of fact and law remaining to be litigated, this stipulation shall supplement the pleadings and govern the course of the trial unless modified to prevent injustice.

(12*) Authorization*: My signature on this document authorizes the Parties and/or their attorney(s) to examine all pertinent records and acknowledges that I have reviewed all documents and exhibits identified herein by all other parties and/or their attorney(s).

(13) The parties reserve the right to amend or supplement this Pretrial Narrative Statement/Stipulation in a manner permitted by the Court.

                                          STIPULATED AND AGREED BY:

/s/Brian C. Thompson, Esquire
Attorney for Debtor

/s/Brian W.Jones
Brian W. Jones, Pro Se

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | ) | |
|    John J. Skaro, | ) | Bankruptcy No: 13-25225-TPA |
|    Karen A. Skaro, | ) | |
|       Debtors. | ) | Adversary No. |
| _____ | ) | |

| | | |
|---|---|---|
| Karen A, Skaro, | ) | Chapter 13 |
| | ) | |
| Plaintiff, | ) | Document No. |
| | ) | |
| v. | ) | Related to Document No. 312 |
| | ) | |
| Brian W. Jones, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF's EXHIBIT LIST

EXHIBITS FILED ON BEHALF OF: **Plaintiff**

### Identification

| Exhibit Number | Date of Exhibit | Witness | Description | Objections | Court Rulings |
|---|---|---|---|---|---|
| **A** | | **Plaintiffs John and Karen Skaro** | **Bankruptcy Petition & Schedules** | | |
| **B** | | **Plaintiffs John and Karen Skaro** | **Pleadings filed by Defendant in Bankruptcy Case, Allegheny, and Westmoreland County Proceedings** | | |
| **C** | | **Plaintiffs John and Karen Skaro** | **Defendant Brian W. Jones Proof of Claims** | | |
| **D** | | **Plaintiffs John and Karen Skaro** | **Any rebuttal documentation regarding Defendant's valuation of the assets** | | |
| **E** | | | | | |